UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeJhan Sanders,

                  Petitioner,      Case No. 22-11307

v.                                   Judith E. Levy
                                       United States District Judge

Noah Nagy,

                                     Mag. Judge Patricia T. Morris
                  Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION TO STAY THE PROCEEDINGS AND HOLD THE
HABEAS PETITION IN ABEYANCE [14] AND DENYING
PETITIONER'S MOTION TO APPOINT COUNSEL [10]**

Petitioner DeJhan Sanders is a Michigan prisoner presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On June 7, 2022, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.)

---

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. Because Petitioner is incarcerated, the Court deems his habeas petition filed as of June 7, 2022, the date that it was signed and dated. (ECF No. 1, PageID.19.)

Before the Court are Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance (ECF No. 14) as well as his motion to appoint counsel. (ECF No. 10.) For the reasons set forth below, the Court denies the motions.

## I. Background

On October 7, 2019, following a jury trial in the 30th Judicial Circuit Court in Ingham County, Michigan, Petitioner was convicted of two counts of first-degree criminal sexual conduct ("CSC-I") and one count each of first-degree home invasion, resisting arrest, and aggravated stalking. (*See* ECF No. 1, PageID.1; ECF No. 12-13, PageID.883–884.) The trial court sentenced Petitioner to 240 to 420 months' imprisonment on both counts of CSC-I, 240 to 360 months' imprisonment for first-degree home invasion, 24 to 36 months' imprisonment for resisting arrest, and 45 to 90 months' imprisonment for aggravated stalking. (*See* ECF No. 12-1, PageID.124; ECF No. 12-17, PageID.944.)

On direct appeal with the Michigan Court of Appeals, Petitioner, through counsel, filed a brief asserting that the prosecution failed to present sufficient evidence that Petitioner committed two sexual assault

acts that would support two separate counts of CSC-I. (*See* ECF No. 12-17, PageID.981–983.) Petitioner also filed a *pro per* supplemental brief. (*Id.* at PageID.1027–1040.) In its review of Petitioner's supplemental brief, the court of appeals identified nine additional claims: (1) verdict was against the great weight of the evidence, (2) newly discovered evidence, (3) evidentiary issues, (4) juror bias, (5) ineffective assistance of trial counsel, (6) substitution of counsel, (7) DNA evidence, (8) denial of bond, and (9) sentencing errors. *People v. Sanders*, No. 351798, 2021 WL 2618139, at *3–10 (Mich. Ct. App. June 24, 2021). On June 24, 2021, the court of appeals affirmed Petitioner's convictions and sentence. *See id.* at *1, *10. Petitioner then filed a *pro per* application for leave to appeal with the Michigan Supreme Court. (*See* ECF No. 12-18.) On January 31, 2022, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Sanders*, 969 N.W.2d 25 (Mich. 2022). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1, PageID.3.)

Petitioner's application for a writ of habeas corpus contains eight claims: (1) sufficiency of the evidence, (2) verdict was against the great weight of the evidence, (3) "evidentiary issues" based on the trial court's

3

admission of evidence of Petitioner's prior assault on the victim, (4) ineffective assistance of counsel, (5) denial of bond, (6) suppression of DNA evidence, (7) "error in bindover and denying [the] motion to quash," and (8) "credibility of [a] witness." (ECF No. 1, PageID.5–15.) On December 19, 2022, Petitioner filed a motion seeking the appointment of counsel. (ECF No. 10.) On January 26, 2023, Respondent Noah Nagy filed the relevant state court record (also referred to as the "Rule 5 materials") (ECF No. 12) and an answer contending that the petition should be dismissed. (ECF No. 11.) On April 28, 2023, Petitioner filled a "motion to hold federal 28 U.S.C. § 2254 petition for writ of habeas corpus in abeyance." (ECF No. 14.)

## II. Motion to Stay the Proceedings and Hold the Petition in Abeyance

Petitioner seeks to stay these proceedings and hold his petition in abeyance so that he can return to state court to fully exhaust his unexhausted claims. (*See* ECF No. 14, PageID.1196–1197.) The Court denies this request.

### A. Exhaustion

A state prisoner seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal

4

court. 28 U.S.C. § 2254(b)–(c). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court may grant a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000); *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); 28 U.S.C. § 2254(b)(1). A habeas petitioner has the burden of proving that they exhausted their state court remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

"Exhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to state courts in order to give them the opportunity to correct violations of federal rights." *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020) (alteration in original) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). "This includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Wagner*, 581 F.3d at 414 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). Additionally, "[f]air presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414–15 (citations omitted).

5

To determine whether a petitioner has fairly presented a federal claim to the state courts, the Sixth Circuit instructs federal district courts to

> ask whether the petitioner: (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Id.* (quoting *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)).

In his answer, Respondent argues that the following claims asserted by Petitioner are unexhausted: verdict against the great weight of the evidence, evidentiary issues related to the admission of Petitioner's prior assault on the victim, denial of bond, and credibility of a witness.[2]

---

[2] In his answer to the petition, Respondent discusses Petitioner's eighth claim (concerning the credibility of a witness) in the portion of the answer that addresses Petitioner's second claim (that the verdict was against the great weight of the

6

(*See* ECF No. 11, PageID.66–69, 74–75, 97–98.) In his motion to stay and abey, Petitioner appears to concede that he "failed to fully exhaust" these claims. (*See* ECF No. 14, PageID.1196–1197.) After conducting its own review of the record, the Court agrees that Petitioner did not fairly present a federal claim with respect to his great weight of the evidence, evidentiary issues, denial of bond, and credibility of a witness claims. *See Hand*, 871 F.3d at 418. As such, these claims are unexhausted. *See Robinson*, 950 F.3d at 343. Thus, the petition contains both exhausted and unexhausted claims.

### B. Stay and Abeyance

A habeas petition that contains both exhausted and unexhausted claims is considered a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When faced with a mixed petition, a district court may: (1) dismiss the petition in its entirety; (2) stay the proceedings and hold the petition in abeyance while the petitioner exhausts their state court remedies; (3) permit the petitioner to dismiss the unexhausted claims and proceed only on the exhausted claims; or (4) ignore the exhaustion

---

evidence). (*See* ECF No. 11, PageID.40 n.1, PageID.66 n.4.) However, the Court considers these claims separately in this order.

issue and deny the petition on the merits. *Harris*, 553 F.3d at 1031–32 (citations omitted). The second option—stay and abeyance—is only warranted if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). If "the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.

The Court concludes that stay and abeyance is not warranted in this case. While there is no evidence that Petitioner engaged in intentionally dilatory litigation tactics, Petitioner has not established good cause for failing to exhaust his claims. Petitioner states that he "is a novice in the filings of these claims" (ECF No. 14, PageID.1196), but this Court has previously held that a "lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies." *Parks v. MacCauley*, No. 21-cv-12182, 2022 WL

8

1632541, at *5 (E.D. Mich. May 23, 2022) (Levy, J.) (quoting *Emery v. Rewerts*, No. 21-12673, 2022 WL 1036760, at *3 (E.D. Mich. Apr. 6, 2022)).

Even if Petitioner were to demonstrate good cause for the failure to exhaust, a stay would not be appropriate because Petitioner's unexhausted claims are not "potentially meritorious." *See Rhines*, 544 U.S. at 277–78. Each claim is discussed briefly below.

Petitioner's great weight of the evidence claim is not meritorious because "a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review." *Ponds v. Vashaw*, No. 2:20-CV-11155, 2022 WL 891627, at *5 (E.D. Mich. Mar. 25, 2022); *see Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) ("[A] manifest-weight-of-the-evidence argument is a state-law argument."). Federal habeas relief is not available to correct errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, Petitioner's great weight of the evidence claim is not cognizable under federal habeas and therefore lacks merit.

9

Petitioner's claim related to evidentiary issues—in which he challenges the admission of evidence by the trial court of his prior conviction for assaulting the victim—fares no better.[3] When a habeas petitioner challenges a state court's evidentiary ruling in a federal habeas proceeding, they must identify "'a Supreme Court case establishing a due process right with regard to [the] specific kind of evidence' at issue." *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020) (emphasis omitted) (quoting *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012)). Petitioner points to no such Supreme Court case here. Moreover, the Sixth Circuit has repeatedly stated that "no clearly established Supreme Court precedent . . . holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Id.* (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512–13 (6th Cir. 2003)). Therefore, Petitioner's claim involving evidentiary issues also lacks merit.

---

[3] During the trial, the court admitted "photographs of the victim taken following an act of domestic violence committed by defendant against the victim on an earlier occasion," along with testimony about the prior incident. *Sanders*, 2021 WL 2618139, at *5.

Turning to Petitioner's claim based on denial of bond, Petitioner's basis for habeas relief is difficult to decipher.[4] As an initial matter, the Supreme Court has stated that it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Based on the Rule 5 materials submitted in this case—including Petitioner's supplemental brief—Petitioner's denial of bond claim appears to be premised primarily on violations of Michigan's 180-day speedy-trial rule. (*See* ECF No.12-17, PageID.1037.) *See also* Mich. Ct. R. 6.004(C); Mich. Comp. Laws § 780.131(1). But the Sixth Circuit has repeatedly affirmed that arguments based on Michigan's 180-day rule are issues of state law that are not cognizable in habeas review. *See Alexander v. Rewerts*, No. 18-2211, 2019 WL 5306840,

---

[4] Petitioner asserts in his denial of bond claim: "I was never given any type of pretrial release, despite how week [sic] of a case the state possessed constitutional [sic] I was entitled to bond my MCR 6.004 was triggered because it was in the first motion I filed on my behalf for speedy trial." (ECF No. 1, 12.) In his supplemental brief before the Michigan Court of Appeals, Petitioner explained: "I was held i[n] jail more than 180 days without trial or bond under 6.004. I should have been release[d] on [personal recognizance] bond or my case should have been dismissed [without] prejudice . . . so I believe after the 180 days I was held unlawfully . . . ." (ECF No. 12-17, PageID.1037.) Petitioner repeated these arguments in his application for leave to appeal filed with the Michigan Supreme Court. (*See* ECF No. 12-18, PageID.1085.)

11

at *3 (6th Cir. Jan. 18, 2019); *Yearby v. Klee*, No. 17-1662, 2017 WL 9532628, at *2 (6th Cir. Dec. 11, 2017); *cf. Estelle*, 502 U.S. at 67–68.

To the extent that Petitioner intends to federalize his denial of bond claim as a speedy-trial violation under the Sixth Amendment of the United States Constitution, that claim also lacks merit. The Sixth Circuit has held that delays of "several months short of one year" are insufficient to support a Sixth Amendment speedy-trial claim. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (rejecting a Sixth Amendment speedy-trial claim based on a delay of "approximately nine months"). Here, Petitioner was initially arrested in connection with this case on December 6, 2018, and his initial trial commenced on September 24, 2019[5]—less than ten months later. (*See* ECF No. 12-1, PageID.128, 132.) Therefore, Petitioner cannot succeed on his denial of bond claim even if it is construed as a speedy-trial claim under the Sixth Amendment. For these reasons, Petitioner's denial of bond claim lacks merit.

---

[5] Following jury selection on September 24, 2019, the state trial court declared a mistrial. (*See* ECF No. 12-1, PageID.128; ECF No. 12-8, PageID.282–290.) A new jury was empaneled two days later, on September 26, 2019. (*See* ECF No. 12-1, PageID.128; ECF No. 12-9.)

Finally, in his credibility of a witness claim, Petitioner states, in full: "[A]fter my conviction[,] [the victim] made [a] claim [that] she had been threatened by [the] prosecution and police and stalked[,] saying if she did not help them by l[y]ing in court they would kill her." (ECF No. 1, PageID.15.) Insomuch as Petitioner challenges his conviction based on the use of coerced testimony, such a challenge is not cognizable in federal habeas review. *See Greene v. Burt*, No. 15-cv-13008, 2018 WL 1784501, at *5 n.2 (E.D. Mich. Apr. 13, 2018) ("While the Sixth Circuit has indicated that the use of a witness's coerced testimony may violate a defendant's rights under the Due Process Clause of the Fourteenth Amendment, the Supreme Court has never reached this same conclusion." (citations omitted)); *see also Hunter v. Lesatz*, No. 2:18-CV-11228, 2020 WL 5064279, at *5 (E.D. Mich. Aug. 27, 2020) (same).

To the extent this claim is premised on the prosecution's alleged use of false testimony by the victim, Petitioner also cannot succeed. The Supreme Court has long recognized that a prosecutor's "deliberate deception of a court and jurors by the presentation of known false evidence" violates due process. *See Giglio v. United States*, 405 U.S. 150, 153 (1972). To prevail on a false testimony claim, a petitioner must show

13

"(1) that the prosecution presented false testimony (2) that the prosecution knew was false, and (3) that was material." *Abdus-Samad v. Bell*, 420 F.3d 614, 625–26 (6th Cir. 2005) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)). In this case, Petitioner fails to point to any affidavits or newly discovered evidence he could introduce in a motion for relief from judgment in the state trial court that would support a false testimony claim. As such, Petitioner's credibility of a witness claim lacks merit.

Because Petitioner has not demonstrated good cause for the failure to exhaust and his unexhausted claims are not meritorious, the Court denies Petitioner's motion to stay the proceedings and hold the petition in abeyance. (ECF No. 14.) Given that "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief,"[6] the Court will provide Petitioner an opportunity to file an

---

[6] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions are subject to a one-year statute of limitations, which begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The filing of a federal habeas petition does not toll the statute of limitations." *McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)). However, AEDPA's statute of limitations is subject to equitable tolling if a petitioner (1) "has pursued his rights vigorously" and (2) "some

14

amended petition that does not include his unexhausted claims before dismissing the mixed petition in its entirety. *See Rhines*, 544 U.S. at 278.

### III. Motion to Appoint Counsel

Petitioner also requests the appointment of counsel on the basis that he has "a cognitive learning disorder" and is indigent. (ECF No. 10.) This request is denied.

There is no constitutional right to counsel in a federal habeas proceeding. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). However, the district court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In general, the interests of justice require appointment of counsel only where, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an

---

extraordinary circumstance prevented timely filing." *Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010) (citations omitted).

Here, Petitioner's convictions became final on May 1, 2022, when the ninety-day time period to file a petition for a writ of certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner timely filed his federal habeas petition on June 7, 2022. (*See* ECF No. 1, PageID.19.) As such, absent equitable tolling, AEDPA's one year statute of limitations expired on May 1, 2023. Thus, dismissal of the petition outright would jeopardize a subsequent federal habeas petition.

15

attorney, they could not obtain a lawyer on their own, and they have a reasonable chance of prevailing on the merits. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)). However, if the district court determines that an evidentiary hearing is necessary, appointment of counsel is required. *Id.* (citations omitted).

Until this Court reviews Petitioner's exhausted claims on the merits, the Court is unable to determine whether an evidentiary hearing is necessary or required, nor whether Petitioner has a reasonable chance of prevailing on his exhausted claims. Thus, the interests of justice do not require that the Court appoint counsel for Petitioner at this time. The Court will bear in mind Petitioner's request if, upon further review of the case, the Court determines that the appointment of counsel is necessary.

### IV. Conclusion

For the reasons set forth above, Petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 14) and Petitioner's motion to appoint counsel (ECF No. 10) are DENIED.

On or before **October 31, 2023**, Petitioner must file an amended petition for a writ of habeas corpus that contains only his exhausted

16

claims or inform the Court in writing that he does not intend to file an amended petition. If Petitioner fails to timely respond, the Court will dismiss the current mixed petition.

    IT IS SO ORDERED.

Dated: September 21, 2023　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2023.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager